BLAKE L. OSBORN (Cal. Bar No. 271849)
blake.osborn@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: 323.880.4522
Fax: 954.771.9264

Attorney for Defendants Diamond Resorts Corporation, Diamond Resorts Hawaii Collection Development, LLC, and Diamond Resorts Financial Services, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINORU IMAI and MARI IMAI,<br><br>    Plaintiffs,<br><br>    v.<br><br>DIAMOND RESORTS CORPORATION, DIAMOND RESORTS HAWAII COLLECTION, LLC, DIAMOND RESORTS FINANCIAL SERVICES, INC., and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO.:  **'19CV2000 GPC AGS**<br><br>**DEFENDANTS DIAMOND RESORTS CORPORATION, DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC AND DIAMOND RESORTS FINANCIAL SERVICES, INC.'S NOTICE OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1446, AND PURSUANT TO COMPLETE DIVERSITY UNDER 28 U.S.C. § 1332**<br><br>[Orange County Superior Court Case No. 30-2019-01087447-CU-OR-CJC, assigned for all purposes to the Honorable Derek W. Hunt, Dept. C23]<br><br>[No Hearing Required] |

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Diamond Resorts Corporation, Diamond Resorts Hawaii Collection Development, LLC[1], and Diamond Resorts Financial Services, Inc. (collectively, "Diamond" or "Defendants") hereby remove this civil action from the Superior Court of California for the County of Orange, where it is currently pending as Case No. 30-2019-01087447 to the United States District Court for the Central District of California. As set forth below, Diamond has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I.   BACKGROUND

On July 31, 2019, Plaintiffs Minoru Imai and Mari Imai (collectively, "Plaintiffs") filed a Complaint against Diamond Resorts Corporation, Diamond Resorts Hawaii Collection Development, LLC, Diamond Resorts Financial Services, Inc., and Does 1 through 10 in the Superior Court of California, County of Orange, Central Branch. A true and exact copy of the conformed Complaint is attached hereto as **Exhibit A**.

Plaintiffs' Complaint asserts five causes of actions against Defendants: (1) fraud; (2) intentional concealment; (3) rescission; (4) elder abuse; and (5) declaratory relief. *See* Ex. A. By their Compliant, Plaintiffs seek general damages of $408,203.00, punitive damages, attorneys' fees, costs of the suit, and certain declarations regarding Plaintiff's time-share interests. *See id*.

---

[1] The correct name of this defendant entity is Diamond Resorts Hawaii Collection Development, LLC, not Diamond Resorts Hawaii Collection, LLC as named in Plaintiff's Complaint as the Defendant named in Plaintiff's Complaint does not exist. *See* Ex. E., Gaxiola Decl. ¶ 2. Accordingly, Defendants will refer to the proper name of this entity in their submission to the Court.

Defendants were served by mail with a copy of the Summons and Complaint on September 16, 2019. A true and exact copy of the Summons issued for Service on Defendants is attached hereto as **Exhibit B**. Consequently, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b) (requiring removal within 30 days of receipt of the initial pleading).

Nothing contained in this Notice of Removal or accompanying papers is intended to waive or relinquish any of the Defendants' rights to seek to compel this action to arbitration, all rights of which are expressly reserved.

## II. DEFENDANTS MAY REMOVE THE STATE COURT ACTION BECAUSE COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFFS AND ALL DEFENDANTS, AND THE AMOUNT IN CONTROVERSY IS SATISFIED

This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1332(a)(1). This action could have originally been filed in this Court because complete diversity of citizenship exists between all Plaintiffs and all Defendants, and the value of the matter in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. § 1332 (a)(1).

Plaintiffs allege at paragraph 1 of their Complaint that they are residents of Cypress, California. Ex. A ¶ 1. Nothing in the Complaint or other pleadings in the state court action suggest otherwise. And following a diligent search of public records, Defendants are not aware of any residency, citizenship or domiciliary of Plaintiffs in either Delaware, Maryland, or Nevada.

Defendants' citizenship is explained in detail in the Declaration of Corrine Gaxiola, Esq. ("Gaxiola Decl.") accompanying this Notice of Removal and attached hereto as **Exhibit E**, but collectively the states of Defendants' residency consists of only Delaware, Maryland and Nevada—none of which is California. In particular, Defendant Diamond Resorts Hawaii Collection Development, LLC ("Developer") is a limited liability company formed under the laws of the State of Delaware, with its principal place for the conduct of its business located at 10600 West Charleston

Boulevard, Las Vegas, Nevada 89135. Ex. E., Gaxiola Decl. ¶ 3. The Complaint also alleges at paragraph 2 that Developer is a Delaware limited liability company. *See* Ex. A ¶ 2. Its officers are located at the 10600 West Charleston Boulevard location, and that is where the activities of the company are directed and controlled. Ex. E, Gaxiola Decl. ¶ 3. In addition, the executive and administrative functions, including policy and planning, are performed in Las Vegas, Nevada. Id. Developer's sole member is Diamond Resorts Developer and Sales Holding Company, a corporation formed under the laws of the State of Delaware with its principal place of business in Las Vegas, Nevada. *Id*. ¶ 4. And, the sole stockholder of Diamond Resorts Developer and Sales Holding Company is Diamond Resorts Corporation. *Id*. ¶ 5.

Next, defendant Diamond Resorts Corporation is a for-profit corporation, formed under the laws of the State of Maryland. *Id*. ¶ 6. Its principal place of business, its headquarters, and the location where its officers direct, control, and coordinate the company's activities (including meetings) are in Las Vegas, Nevada. *Id*. In addition, the executive and administrative functions, including policy and planning, are performed in Las Vegas, Nevada. *Id*. The policies and procedures integral to its business operations are reviewed and vetted in Las Vegas, Nevada. *Id*.

Finally, defendant Diamond Resorts Financial Services, Inc. is a for-profit corporation, formed under the laws of the State of Nevada with its principal place for the conduct of its business located at 10600 West Charleston Boulevard, Las Vegas, Nevada 89135. *Id*. ¶ 7. Its officers are located at the 10600 West Charleston Boulevard location, which also serves as its headquarters, and the location where its officers direct, control, and coordinate the company's activities. *Id*. In addition, the executive and administrative functions, including policy and planning, are performed in Las Vegas, Nevada. *Id*. The policies and procedures integral to its business operations are reviewed and vetted in Las Vegas, Nevada. *Id*.

Further, based on the allegations in the Complaint, the amount in controversy

exceeds this Court's jurisdictional threshold of $75,000.00 because the amount in dispute, as alleged by Plaintiffs, is $408,203.00 for general damages, exclusive of other costs and fees sought. *See* Ex. A at 18.

## III. ALL OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED

### A. The Rule of Unanimity is Satisfied

The "rule of unanimity" has been codified at 28 U.S.C. § 1446(b)(2)(A), which provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." The rule of unanimity is satisfied here as each of the named Defendants in this action joins in and consents to this Notice of Removal. *See* Ex. E, Gaxiola Decl. ¶ 8.

### B. Removal Is Timely Filed and Notice is Given

This Notice of Removal is timely filed as it is filed within thirty (30) days after receipt by Diamond of a copy of the Summons and Complaint in accordance with 28 U.S.C. § 1446(b)(2). As required by 28 U.S.C. § 1446(d), Defendants will promptly serve a written notice of the filing of this Notice of Removal on Plaintiffs and will file a copy of this Notice with the Clerk of the Court of Superior Court of California, Orange County. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

### C. All Pleadings and Papers in the State Court Action Have Been Attached

As required by 28 U.S.C. § 1446(a), Diamond has attached copies of all state court "process, pleadings, and orders" that have been served as of the time of this filing as Composite **Exhibit D**. Further, this action is not one which is described in 28 U.S.C. § 1445.

### D. This Court is the Proper District Court Venue

Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper for purposes of removal because this action is currently pending in the Superior Court of

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

California, County of Orange, which is in the same District as the United States District Court for the Central District of California.  *See also* 28 U.S.C. § 84(c)(3) (providing that the Central District of California, Southern Division, includes Orange County).

## IV.  DEFENDANTS' RESERVATION OF RIGHTS AND NON-WAIVER OF DEFENSES

Defendants deny the allegations contained in the Complaint and file this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in their favor in either state or federal court.  Further, in making the allegations in this Notice of Removal, Defendants do not concede in any way that the allegations in the Complaint are accurate, that Plaintiffs have asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense of affirmative matter, including, without limitation, a motion to compel arbitration and defenses enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, all of which Defendants expressly reserve.

Defendants also reserve the right to amend or supplement this Notice of Removal.  If any questions arise as to the propriety of the removal of this action, Defendants expressly request the opportunity to present such further evidence as necessary to support their position that this action is removable.

## V.  CONCLUSION

For the reasons stated above, Defendants respectfully request that the original action bearing Case No. 30-2019-01087447 that is currently pending in the Superior Court of California, County of Orange, be removed to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Defendants respectfully request that this Court assume jurisdiction over this action and grant Defendants such other and further relief as this Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: October 16, 2019 | Respectfully Submitted, |
| 2 | | GREENSPOON MARDER LLP |

/s/  *Blake L. Osborn*
Blake L. Osborn

*Counsel for Defendants Diamond Resorts Corporation, Diamond Resorts Hawaii Collection Development LLC, and Diamond Resorts Financial Services, Inc.*