# EXHIBIT "A"

1  **MITCHELL REED SUSSMAN** #75107
2  1053 S. Palm Canyon Dr.
   Palm Springs, Ca. 92264
3  Phone (760) 325 - 7191

4

5  Attorney for Plaintiffs

6

7

8

9                    **SUPERIOR COURT OF CALIFORNIA**

10                  **COUNTY OF ORANGE, CENTRAL BRANCH**

11 **Minoru Imai, Mari Imai,**          ) **No.** 30-2019-01087447-CU-OR-CJC
                                         )
12                   Plaintiffs,         )
          vs.                            )
13                                       ) COMPLAINT FOR DAMAGES
   **Diamond Resorts Corporation,**     ) (1) FRAUD
14 **Diamond Resorts Hawaii**           ) (2) INTENTIONAL CONCEALMENT
   **Collection, LLC, Diamond**         ) (3) RESCISSION
15 **Resorts Financial Services,**      ) (4) ELDER ABUSE
   **Inc.,DOES 1 - 10, inclusive;**     ) (5) DECLARATORY RELIEF
16                                       )
17                                       )
                                         )
18                   Defendants.         )
                                         )
19                                       ) Judge Derek W. Hunt
                                         )
20 _____ )

21

22      Plaintiffs complain and allege as follows:

23                    **GENERAL ALLEGATIONS**

24    1. Plaintiffs, **Minoru Imai** and **Mari Imai** (hereinafter "**Imai**"),

25 husband and wife, are residents of Cypress, California.

26    2. Plaintiffs are informed and believe that defendant, **Diamond**

27 **Resorts Corporation,** is an entity of unknown of origin and the

28                                -1-
                             **COMPLAINT**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/31/2019** at 03:00:03 PM

Clerk of the Superior Court
By Brook Israel,Deputy Clerk

1 | parent company of defendant, **Diamond Resorts Hawaii Collection,**
2 | **LLC.**, a Delaware limited liability company and defendant, **Diamond**
3 | **Resorts Financial Service, Inc.** ( Collectively these defendants
4 | are referred to herein as "Diamond." )

5 |    3. Diamond is doing business as a multi – state time-share that
6 | sells " time – share interests" within this judicial district a
7 | dozens of sales locations throughout the state, including
8 | locations in Garden Grove, Dana Point, Capistrano Beach, Palm
9 | Springs, San Francisco and many more.

10 |    4. At all relevant times Diamond is a time – share regulated by
11 | the California Department of Real Estate under the authority of
12 | the Vacation Ownership & Timeshare Act of 2004 ( hereinafter
13 | "Act") which can be found in California's Business and Professions
14 | Code 11210 et. seq.

15 |    5. At all relevant times Diamond operated in the state of
16 | California as vacation ownership program regulated by the Vacation
17 | Ownership and Time – Share Act of 2004 ( hereinafter "Act")
18 | insofar as they offer for lease or sale one of more of the
19 | following products: (a) Time-share plans with at least one
20 | accommodation or component site in California; (b) Time-share
21 | plans without an accommodation or component site in California, if
22 | those time-share plans are sold or offered to be sold to any
23 | individual located within California; (c) an "exchange program" as
24 | more fully defined by Business & Profession Code 11212(1).

25 |    6.  In particular Diamond operates a multisite time-share plan
26 | in which the plaintiff purchased points in a multi – state time –
27 | share project which is a  "nonspecific time-share interest," ( as

28 |

**COMPLAINT**

more fully defined in California Business and Professions Code 11212 (z)(2)(B)), with the right to use accommodations at more than one component site created by or acquired through the time-share plan's reservation system, but including no specific right to use any particular accommodations.

7. At all relevant times Diamond, as one of the world's largest time – share companies, has adopted uniform and standardized practices, procedures, representations and contracts in connection with its time – share business ( hereinafter "transactions"). These transactions are the basis for this action. Moreover there are common issues of fact and law common to all Diamond time-share sales presentations and contracts, including the sales presentations and contracts that are the subject of this action.

8. Defendants' utilize standard from agreements in connection with the transactions that are the subject of this action.

9. One of these standardized agreements is referred to by Diamond as a "Diamond Resorts Hawaii Collection Purchase and Security Agreement (Hawaii)."  (hereinafter "Purchase & Security Agreement")

10.    At the same time that a purchaser enters into the Purchase & Security Agreement, Diamond insists that the purchaser assign the time-share interest's use rights into a trust in exchange for "points" redeemable at other locations. The standardized agreement by which the purchaser assigns his/her interest in the time-share to the Diamond Resorts International Club, Inc. known as the "The Club Assignment Agreement." ( hereinafter "Assignment")

-3-

**COMPLAINT**

1     11.    On or about April 5, 2019, at the Modern Honolulu Hotel

2 located in Honolulu, Hawaii, plaintiffs purchased from defendants'

3 115,000 points in a multi - state time - share project.

4     12.    Contemporaneously with the purchase, Diamond induced

5 plaintiff to assign the right use, occupy and possess the time-

6 share to Club Diamond pursuant to the Assignment.

7     13.    The true names and capacities of defendants sued herein

8 as DOES 1 - 10, inclusive, whether individual, corporate,

9 partnership, associate or otherwise, are unknown to plaintiffs

10 and, as such, are sued by fictitious names pursuant to Section 474

11 of the California Code of Civil Procedure. Plaintiffs are informed

12 and believes that such fictitiously named defendants are

13 responsible in some manner for the damages hereinafter alleged.

14 Plaintiffs will seek leave of court to amend this complaint to

15 include their true names and capacities when ascertained.

16

17                **FIRST CAUSE OF ACTION**

18             **( All Plaintiffs v. All Defendants )**

19                    **( FRAUD )**

20     14.    Plaintiffs hereby refer to and incorporates by reference

21 paragraphs 1 - 15, inclusive, as though the same was more fully

22 set forth at this point.

23     15.    On or about **April 5, 2019,** at the Modern Honolulu Hotel,

24 located in **Honolulu, Hawaii,** the plaintiffs attended a sales

25 seminar presented by **Ryan Gonsalves,** which lasted approximately

26 six or seven hours (hereinafter "time-share presentation").

27     16.    At the time of the time-share presentation, plaintiffs

28

-4-

**COMPLAINT**

1  owned a time-share interest with defendants in Las Vegas which
2  they had previously purchased and as part of the "US Collection"
3  of time-shares operated by defendants.

4      17.      After the time-share presentation, the plaintiffs and
5  each of them agreed to and did so enter into a series of contracts
6  with defendants, including but not limited to the Purchase &
7  Security Agreement,  Assignment and a Credit Sale Contract
8  Promissory Note of $248,015.00 . (hereinafter "time – share
9  contracts")

10     18.      Defendants, and each of them, in their desire to sell
11 time – share interests to the plaintiffs and to in order to induce
12 the plaintiffs to make the financial investment and enter into the
13 time – share contracts alleged herein above, falsely and
14 fraudulently represented to plaintiffs collectively the following:
15     a. That the time – share interest purchased by the plaintiffs
16     would appreciate and increase resale price and value over time.
17     b. That the time – share interest purchased by the plaintiffs
18     could be freely exchanged, transferred and sold.
19     c. That the time – share interest purchased by the plaintiffs
20     was a financial investment.
21     d. That the time – share interest purchased by the plaintiffs
22     would receive booking priority over non – purchasing vacationers
23     wishing to stay at one or more of the properties owned and/or
24     maintained by the defendant.
25     e. That the time – share interest could be rented out and
26     defendants would assist plaintiffs in renting out their
27     interest.
28

-5-

**COMPLAINT**

f. That the maintenance fees more or less remain the same and do not increase substantially over time.

( The foregoing six representations are referred to hereinafter as "standard representations")

19.    Plaintiffs are informed and believe and thereon allege, that the foregoing standard representations have been adopted as standard practice and procedure by Diamond throughout the entirety of its vacation ownership resorts in the United States, Canada, Mexico, the Caribbean and the South Pacific.

20.    The foregoing standard representations were made verbally to plaintiffs on **April 5, 2019,** in Honolulu, Hawaii by **Ryan Gonsalves,** who at the time was a licensed real estate broker authorized by defendants to act as an employee on their behalf.

21.    At no time were the plaintiffs asked if they wished to have their own real estate broker or attorney review any of the time – share contracts.

22.    At all relevant times Ryan Gonzsalves was acting as a dual agent with a fiduciary duty to explain to the plaintiffs the terms and meaning of the time – share contracts and that the failure to so inform plaintiffs would amount to constructive fraud.

23.    At all relevant times Ryan Gonzsalves, acting as a dual agent acting on behalf of both plaintiff and defendants was duty bound to act with the utmost good faith for the benefit of the plaintiffs including but not limited to the duty to disclose all information relevant to the plaintiffs' decision,  investigate, disclose and explain to plaintiffs the nature of the agreements

-6-

**COMPLAINT**

that plaintiffs were executing and the legal consequences thereof.

24.    The true facts were that (a) the time – share interest purchased by the plaintiffs did not appreciate and increase resale price and value over time; (b) the time – share interest purchased by the plaintiffs could not be freely exchanged, transferred and sold; (c) the time – share interest purchased by the plaintiffs was not a financial investment; (d) the plaintiffs did receive booking priority of non – purchasing vacationers wishing to stay at one or more of the properties owned and/or maintained by the defendant; (d) within the past year the plaintiffs' and each of them attempted to book a reservation at one or more of the defendants' properties within this district, including but not limited to the Palm Springs time – share owned and or managed by the defendants' and were denied access; (e) the plaintiffs were not allowed to rent out their Hawaiian time – share interest; (f) the maintenance fees for the Hawaiian time – share interest do not remain more or less the same.

25.    In addition to the foregoing standard representations, defendants, in their desire to sell time – share interests to the plaintiffs and to in order to induce the plaintiffs to make the financial investment and enter into the time – share contracts alleged herein above, also falsely and fraudulently represented to plaintiffs collectively the following:

a. That defendants would assist plaintiffs in getting their money back which they had lost based on a bad experience with their Nevada time-share

b. That defendants were entitled to recover approximately

-7-

**COMPLAINT**

$100,000.00 from owners in the US Collection, including plaintiffs, based on hurricane damage to defendants' properties in the Caribbean.

c. That the government would come after plaintiffs' family if they could not pay the $100,000.00 sum being demanded by defendants.

d. That by switching to the Hawaiian Collection and purchasing the time-share that is the subject of this action, plaintiffs would not have to pay the $100,000.00 sum being demanded by defendants.

26.    The foregoing representations were made verbally to plaintiffs on April 5, 2019 in Honolulu, Hawaii by Ryan Gonsalves, who at the time was authorized by defendants to act as an employee on their behalf.

27.    The true facts are that (a) the defendants had no desire to help plaintiffs get any of their money back relating to their Cancun time - share interest; (b) the defendants were not entitled to demand $100,000.00 from plaintiffs; (c) the defendants had no authority to send the government to pursue plaintiffs for the $100,000.00 sum; (d) switching to the Hawaiian collection was not necessary to protect the plaintiffs from owing the $100,000.00 sum.

28.    In addition, defendants opened two credits cards in plaintiffs' name without plaintiffs' knowledge or consent during the time-share presentation and charged these credit cards a combined amount of $24,000.00.

29.    Plaintiffs were not made aware of the opening of the

-8-

**COMPLAINT**

1  credit cards or the charges put on the cards until the end of the
2  time-share presentation when Ryan Gonsalves informed him that he
3  had already taken the foregoing actions.

4      30.    When defendants made these representations they knew
5  them to be false, and these representations were made by
6  defendants with the intent to defraud and deceive plaintiffs, with
7  the intent to induce plaintiffs to act in the manner herein
8  alleged and enter into the time - share contract.

9      31.    Plaintiffs were unaware of the falsity of these
10 representations at the time they representations were made by
11 defendants, and each of them, and did not discover the falsity of
12 these representations until May of 2019 when they contacted
13 defendants by telephone and email and were told by an employee of
14 defendants named Carmelita that the representations made by
15 Gonsalves were false.

16     32.    At the time plaintiffs took the actions herein alleged,
17 they were ignorant of the falsity of defendant's representations
18 and believed them to be true, inter alia, because Gonsalves
19 represented himself as a dual agent for both plaintiffs and
20 defendants'  and defendants' held themselves out as a reputable
21 company duly licensed by the state of California and with years of
22 experience in the time - share industry.

23     33.    As a result of the defendants' fraud and deceit and the
24 facts herein alleged, plaintiffs agreed to enter into the
25 aforementioned time - share contracts.

26     34.    If plaintiffs had been aware of the true facts,
27 plaintiffs would not have agreed to enter into the time - share
28

-9-

**COMPLAINT**

1  contract.

2   35.    By reason of defendants' actions, plaintiffs have been
3  damaged in the amount of $408,203.00.

4

5                    **SECOND CAUSE OF ACTION**

6                    **( Against All Defendants )**

7                    **( INTENTIONAL CONCEALMENT )**

8   36.    Plaintiffs hereby refer to and incorporates by reference
9  paragraphs 1 - 35, inclusive, as though the same was more fully
10 set forth at this point.

11  37.    At the time that plaintiffs entered into the time -
12 share contract defendants', and each of them, intentionally failed
13 to reveal and disclose and went to great lengths to suppress the
14 following material information, herein above referred to as
15 "standard non - disclosures"

16  (a)    The nature, extent and amount of the annual maintenance
17 and association dues or any separately billed taxes.

18  (b)    Defendants' undisclosed intention not to maintain a one
19 - to - one, purchaser to accommodation ratio.

20  (c)    Defendants' undisclosed intention to hinder, limit and
21 restrict the sale and transfer of plaintiffs' time - share to a
22 third party.

23  (d)    Defendants' undisclosed intention use timeshares
24 deposited with them for exchange, and rent them to the public
25 without knowledge or approval of owners.

26  (e)    Defendants' undisclosed intention not to account to
27 plaintiffs' for the use, occupancy and possession of plaintiffs'

28
                              -10-

                            **COMPLAINT**

time – share.

38.     The defendants intentionally concealed and failed to reveal and disclose the foregoing standard non – disclosures to plaintiffs and said failures to disclose and suppression of material fact as herein above alleged were made with the intent to induce plaintiffs to enter into the time – share contract.

39.     Unbeknownst to plaintiffs (a) the nature, extent and amount of the annual maintenance and association dues were significantly  more than plaintiffs was led to believe, (b) defendants' did not maintain a one – to – one, purchaser to accommodation ratio thereby denying plaintiffs access to the time – share, (c) defendant placed unreasonable restrictions on and in some cases simply refused to permit plaintiffs to transfer or sell the time – share to a third party, (d) defendants rented time-shares to the public for defendants own corporate benefit and once removed from inventory, were no longer available for other owners to receive in exchange,  (e) defendants' refusal to account to plaintiffs' for the use, occupancy and possession of plaintiffs' time – share.

40.     At the time plaintiffs entered into the time – share contracts, plaintiffs were unaware of the foregoing suppression of material facts and material non – disclosures. Plaintiffs did not discover the falsity of these representation until May of 2019 when they contacted defendants by telephone and email and were told by an employee of defendants named Carmelita that the representations were false.

41.     Had plaintiffs known of the facts which the defendants

-11-

**COMPLAINT**

1 intentionally failed to disclose, plaintiffs would not have
2 entered into the time – share contract.

3     42.    Defendants and Gonsalves in particular had a duty to
4 disclose the true information on the grounds that defendants' had
5 unique knowledge of the true facts, the information was material
6 to the purchase of the time – share interest alleged herein and
7 that by operation of law a dual agent is required to disclose of
8 all material facts relevant to the plaintiffs' decision.

9     43.    Plaintiffs are informed and believe and thereon allege
10 that these defendant knew or should have known that the true facts
11 and defendants' true intentions regarding (a) the nature, extent
12 and amount of the annual maintenance and association dues were
13 significantly  more than plaintiffs was led to believe, (b)
14 defendants' did not maintain a one – to – one, purchaser to
15 accommodation ratio thereby denying plaintiffs access to the time
16 – share, (c) defendant placed unreasonable restrictions on and in
17 some cases simply refused to permit plaintiffs to transfer or sell
18 the time – share to a third party, (d) defendants rented
19 timeshares to the public for defendants own corporate benefit and
20 once removed from inventory, were no longer available for other
21 owners to receive in exchange,  (e) defendants' refusal to account
22 to plaintiffs' for the use, occupancy and possession of
23 plaintiffs' time – share.

24     44.    By reason of defendants' actions, plaintiffs have been
25 damaged in the amount of $408,203.00.

26

27

28

**COMPLAINT**

**THIRD CAUSE OF ACTION**

**( RESCISSION )**

45.     Plaintiffs hereby refer to and incorporates by reference paragraphs 1 - 44, inclusive, as though the same was more fully set forth at this point.

46.     Plaintiffs intend service of summons of this complaint to serve as notice of rescission of the aforementioned contract, and hereby offers to restore all consideration furnished by defendant under said contract, on the condition that defendant restore to plaintiff the consideration paid by plaintiff for the subject property in the sum of $43,635.00, with interest thereon at the rate of ten percent (10%) per annum from April 5, 2019.

**FOURTH CAUSE OF ACTION**

**( ELDER ABUSE )**

47.     Plaintiffs hereby refer to and incorporates by reference paragraphs 1 - 46, inclusive, as though the same was more fully set forth at this point.

48.     At all relevant times, plaintiffs were retired and over the age of 65, were uniquely susceptible to being cheated and were of unsound mind.

49.     At all relevant times, plaintiffs were elderly people cheated out of their money or their property who lacked the mental capacity to understand the nature and extent of their financial obligations to defendants alleged herein.

50.     At all relevant times, defendants, and each of them, took, secreted, appropriated, obtained, or retained real or

-13-

**COMPLAINT**

1 personal property of plaintiffs for a wrongful use and with intent
2 to defraud by use of fraud, misrepresentation and non –
3 disclosures as herein above alleged.

4   51.   At all relevant times, defendants, and each of them,
5 unduly influenced the plaintiffs by means of excessive persuasion
6 that caused the plaintiffs to act by overcoming plaintiffs' free
7 will. The undue influence exercised by defendants, and each of
8 them, resulted in plaintiffs' purchase of the time-share interest
9 and the damages herein alleged.

10   52.   Defendants excessive persuasion was manifested in a
11 number of ways, including the fact that the defendants had
12 plaintiffs sit for  6 – 7 hours in a time – share presentation.

13   53.   Additionally, the defendants exercised excessive
14 persuasion when they fraudulently filled out a credit application
15 which indicated that the plaintiff were gainfully employed earning
16 some $185,000.00 per year when in fact they were retired and on a
17 fixed income.

18   54.   The defendants further exercised excessive persuasion
19 and fraud when they caused charges of $24,000.00 to be charged to
20 credit cards in plaintiffs name without the knowledge or consent
21 of plaintiffs.

22   55.   At all relevant times, defendants, and each of them,
23 were aware of the financial condition of the plaintiffs, their
24 age, their lack of income and their inability to earn a living
25 wage. In spite of this, defendants filled out a false credit
26 application indicating that plaintiffs had annual income of
27 $185,000.00 and were making an additional $10,000.00 per month

28

-14-

**COMPLAINT**

1 | from so - called Japanese investments.

2 | 56.    At all relevant times, defendants, and each of them,
3 | knew or should have known that by entered into the time-share
4 | contract herein above alleged, plaintiffs would be depleting their
5 | retirement savings, leaving plaintiffs with little or no assets.

6 | 57.    Moreover, at all relevant times, defendants, and each of
7 | them, knew or should have known that by entering into the time-
8 | share contracts plaintiffs would incur ongoing financial
9 | obligations that the plaintiffs would not be able to meet.

10 | 58.    Nonetheless, defendants coerced plaintiffs into
11 | executing the time-share contracts resulting in economic changes
12 | in plaintiffs' personal and/or property rights.

13 | 59.    At all relevant times, the actions of the defendants,
14 | and each of them, resulted in dire economic consequences to the
15 | plaintiffs and the defendants, and each of them, knew or should
16 | have known that plaintiffs' purchase of the time-share would leave
17 | plaintiffs with little or no funds to care for and support
18 | themselves in retirement.

19 | 60.    As herein above alleged, plaintiffs did not discover the
20 | nature and extent of the financial abuse until May of 2019 when
21 | they contacted defendants by telephone and email and were told by
22 | an employee of defendants named Carmelita that the representations
23 | made to plaintiffs during the time-share presentation were false
24 | and that defendants would not be helping plaintiffs to get their
25 | money back or get out of their Hawaii Collection time-share
26 | purchase.

27 | 61.    On or about July 3, 2019, plaintiffs' counsel wrote a

28 |

-15-

**COMPLAINT**

1  letter to Mike Flaskey, CEO of the defendants. In that letter, he
2  was provided a copy of plaintiffs' complaint along with a request
3  for a return of money that was taken from them as a result of the
4  financial elder abuse committed by defendants. Neither he nor any
5  other person affiliated with defendants has responded to
6  plaintiffs' requests and defendants have refused and continue to
7  refuse to refund plaintiffs' money.

8      62.     Plaintiffs have retained Mitchell Reed Sussman, an
9  attorney duly licensed by the state of California, and have
10 incurred reasonable attorney fees, according to proof, but in no
11 event less than $10,000.00.

12     63.     In doing the things herein alleged, defendants acted
13 with oppression, fraud, and malice and plaintiffs are therefore
14 entitled to punitive damages. Moreover, defendants at all times
15 knew that plaintiffs were over the age of 65 when they sold the
16 time-share to plaintiffs and opened the two credit cards in
17 plaintiffs' names without plaintiffs' knowledge or consent.
18 Furthermore, defendants were aware at all times that plaintiffs
19 could never in their lifetime utilize all the points that they had
20 purchased from defendants, that there was little or no resale
21 value for the time-share interest purchased and that the purchase
22 of the time-share interest would put plaintiffs in a dire
23 financial condition.

24

25                    **FIFTH CAUSE OF ACTION**
26                    **(  Declaratory Relief  )**
27

28                              -16-

                              **COMPLAINT**

64.     Plaintiffs hereby refer to and incorporate by reference paragraphs 1 - 63, inclusive, as though the same was more fully set forth at this point.

65.     The plaintiffs are unable to pay on the time - share they purchased and are in default on the promissory note and security agreement.

66.     An actual controversy has arisen and now exists between plaintiffs and defendants in that plaintiffs contend as follows: a. That the time - share interests sold by the defendants are "time - share interests" subject to regulation by the California Department of Real Estate, b. That the anti - deficiency laws of the state of California apply to the financing agreements executed by plaintiffs in favor of defendants.

67.     Defendants dispute these contentions and contend that a. that the time - share interests sold by defendants to plaintiffs are not subject to regulation by the California Bureau of Real Estate and; b. that the anti - deficiency laws of the state of California do not apply to the financing agreements executed by plaintiffs in favor of defendants.

68.     Plaintiffs desires a judicial determination of the rights and duties of the parties with respect to the time - shares sold by defendants to plaintiffs. In particular, the plaintiffs ask the court to make a declaration as follows: a. That the time - share interests sold by the defendants are "time - share interests" subject to regulation by the California Department of Real Estate, b. That the anti - deficiency laws of the state of California apply to the financing agreements executed by

-17-

**COMPLAINT**

1    plaintiffs in favor of defendants.

2        69.    A judicial declaration is necessary and appropriate at

3    this time in order that parties to the action may ascertain their

4    rights and personal liability, if any, under the time – share

5    contracts.

6

7

8        **WHEREFORE**, plaintiffs pray judgment against defendants and

9    each of them as follows:

10                        **ALL CAUSES OF ACTION**

11           1. For general damages as follows: $ 408,203.00.

12           2.  For costs of suit herein incurred.

13           3. For punitive damages.

14           4. For such other and further relief as is proper and just.

15

16                        **THIRD CAUSE OF ACTION**

17           1. For a declaration that the time – share contracts are

18              of no force and effect.

19

20                        **FOURTH CAUSE OF ACTION**

21           1. For attorney fees and damages provided for by statute.

22

23                        **FIFTH CAUSE OF ACTION**

24              1. For a declaration by the court as follows: a. That

25    the time – share interests sold by the defendants are "time –

26    share interests" subject to regulation by the California

27    Department of Real Estate, b. That the anti – deficiency laws of

28
                                -18-

                             **COMPLAINT**

1 | the state of California apply to the financing agreements executed
2 | by plaintiffs in favor of defendants.

3

4 | Dated: July 31, 2019

5

6 | Mitchell Reed Sussman

-19-

**COMPLAINT**